UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIFTY TECHNOLOGIES, INC., a New York corporation,<br><br>                                   Plaintiff,<br><br>v.<br><br>MANGO TECHNOLOGIES, INC., a Delaware corporation, d/b/a CLICKUP,<br><br>                                   Defendant. | Case No.: 24-CV-194 JLS (AHG)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO FILE UNDER SEAL AN EXHIBIT TO ITS FIRST AMENDED COMPLAINT**<br><br>(ECF No. 27) |

Presently before the Court is Plaintiff Nifty Technologies, Inc.'s ("Nifty") Application to File Under Seal an Exhibit to its First Amended Complaint ("Appl.," ECF No. 27). On January 30, 2024, Nifty filed its original Complaint (ECF No. 1), and on October 8, 2024, a First Amended Complaint ("FAC," ECF No. 26), alleging that Defendant Mango Technologies, Inc. d/b/a ClickUp ("Mango") misappropriated trade secrets related to a proprietary project management software. *See generally* FAC. Nifty attached as Exhibit B to the FAC over 300 pages of "detailed information not publicly available regarding the trade secrets" at issue in this case, Appl. at 2, and it contends that public disclosure of this information "would cause immediate and irreparable competitive harm by allowing competitors to replicate Nifty's unique technological advantages and business strategies," *id.* at 5. Mango does not oppose the Application. *See* Docket. For

the reasons stated below, Nifty's Application is **GRANTED**.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* Motions to seal a complaint must meet the "compelling reasons" standard. *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.").

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the

1  production of records may lead to a litigant's embarrassment, incrimination, or exposure
2  to further litigation will not, without more, compel the court to seal its records." *Id.* (citing
3  *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound
4  discretion of the trial court" upon consideration of "the relevant facts and circumstances of
5  the particular case." *Nixon*, 435 U.S. at 599.

6        Here, Nifty has adequately provided "compelling reasons" to justify sealing
7  Exhibit B. Exhibit B contains "details describing Nifty's specific technical architecture,
8  Nifty's real-time update solution, and Nifty's platform optimization techniques," the
9  disclosure of which Nifty argues "would cause significant harm to Nifty's competitive and
10 financial position." Appl. at 5. The Exhibit thus contains "materials that could result in
11 infringement upon trade secrets," which is precisely the sort of material that may overcome
12 the "strong presumption in favor of access when deciding whether to seal records." *See*
13 *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (citing *Equal Emp.*
14 *Opportunity Comm'n v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990)); *see also*
15 *Williams v. U.S. Bank Nat'l Ass'n*, 290 F.R.D. 600, 604–05 (E.D. Cal. 2013) ("[S]ources
16 of business information that might harm a litigant's competitive standing' often warrant
17 protection under seal." (alteration in original) (quoting *Nixon*, 435 U.S. at 598)).

18       Further, though the Court is generally disinclined to seal a document in its entirety,
19 *see In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011), the Court finds
20 Nifty's request to be narrowly tailored in this instance. Nifty only seeks to seal Exhibit B—
21 its purported trade secrets—leaving the entirety of the FAC and its remaining associated
22 exhibits fully in public view. Voluminous as it may be, Exhibit B appears to be fully
23 composed of sensitive business information subject to "extensive measures to maintain"
24 secrecy, the disclosure of which could reasonably cause competitive and financial harm to
25 Nifty. Appl. at 2.

26       The Court briefly pauses, however, to emphasize that nothing in this Order should
27 be construed as a final determination that the entirety of Exhibit B is protectable as a trade
28 secret under law. Information need not rise to the level of a protectable trade secret to

satisfy the "compelling reasons" standard. *See Nixon*, 435 U.S. at 589 (permitting courts to seal "business information that might harm a litigant's competitive standing").

Therefore, Nifty's Application (ECF No. 27) is **GRANTED**. The Clerk of Court **SHALL FILE** the lodged unredacted copy of Exhibit B (ECF No. 28) under seal.

**IT IS SO ORDERED.**

Dated: November 8, 2024

Hon. Janis L. Sammartino
United States District Judge