UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIFTY TECHNOLOGIES, INC., a New York corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MANGO TECHNOLOGIES, INC., a Delaware corporation, d/b/a CLICKUP,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 24-CV-194 JLS (AHG)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S APPLICATION TO FILE UNDER SEAL PORTIONS OF ITS MOTION TO DISMISS (ECF No. 35),**<br><br>**(2) GRANTING PLAINTIFF'S APPLICATION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (ECF No. 40), AND**<br><br>**(3) GRANTING DEFENDANT'S APPLICATION TO FILE UNDER SEAL PORTIONS OF ITS REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS (ECF No. 44)** |

　　　Presently before the Court are Defendant Mango Technologies, Inc. d/b/a ClickUp's ("ClickUp") Application to File Under Seal Portions of its Motion to Dismiss Plaintiff's First Amended Complaint ("MTD Appl.," ECF No. 35), Plaintiff Nifty Technologies,

1  Inc.'s ("Nifty") Application to File Under Seal Portions of its Opposition to Defendant's
2  Motion to Dismiss Plaintiff's First Amended Complaint ("Opp'n Appl.," ECF No. 40), and
3  ClickUp's Application to File Under Seal Portions of its Reply Brief in Support of its
4  Motion to Dismiss Plaintiff's First Amended Complaint ("Reply Appl.," ECF No. 44).

On October 8, 2024, Nifty filed a First Amended Complaint ("FAC," ECF No. 26), to which it included as attachments seven supporting exhibits. *See* ECF No. 26-1 to 26-7. Nifty attached as Exhibit B detailed descriptions of its purported trade secrets that it alleges were misappropriated by ClickUp. ECF No. 26-2. Because of its sensitive nature, Nifty requested to file Exhibit B under seal, ECF No. 27, and the Court granted that request on November 8, 2024, ECF No. 33. Exhibit B is now sealed on the docket in its entirety. ECF No. 34.

On December 13, 2024, ClickUp moved to dismiss Nifty's FAC, ECF No. 37, and that Motion is now fully briefed. Embedded in the Parties' briefing on the Motion are quotes from the sealed Exhibit and passages that discuss the sealed content in detail. *See* ECF MTD Appl. at 1. To maintain the integrity of Exhibit B, the Parties both request to seal selected portions of their briefing on ClickUp's pending Motion to Dismiss.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong

1 | presumption of access. *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden
2 | depends upon whether the documents to be sealed relate to a motion that is "more than
3 | tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102.  When
4 | the underlying motion is more than tangentially related to the merits, the "compelling
5 | reasons" standard applies. *Id.* at 1096–98.  When the underlying motion does not surpass
6 | the tangential relevance threshold, the "good cause" standard applies. *Id.*  Briefing on a
7 | motion to dismiss is more than tangentially related to the merits of the case and is thus
8 | subject to the "compelling reasons" standard.  *Pinnacle Ventures, LLC v. Bertelsmann*
9 | *Educ. Servs.*, No. 18-cv-03412-BLF, 2019 WL 13126128, at *1 (N.D. Cal. Dec. 10, 2019).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).  The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Here, the Parties' Applications seek to seal portions of their respective briefs on ClickUp's Motion to Dismiss that pull excerpts from or describe in detail certain elements of Nifty's purported trade secrets.  As the Court held once before, "'materials that could result in infringement upon trade secrets' [are] precisely the sort of material that may overcome the 'strong presumption in favor of access when deciding whether to seal records." ECF No. 33 at 3 (quoting *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)); *see also Williams v. U.S. Bank Nat'l Ass'n*, 290 F.R.D. 600, 604–05 (E.D. Cal. 2013) ("'[S]ources of business information that might harm a litigant's competitive standing' often warrant protection under seal." (alteration in original) (quoting

*Nixon*, 435 U.S. at 598)). Where a Court has previously sealed a particular document in the course of litigation and sees no reason to depart from that conclusion, it may again grant a request to seal material extracted from that document. *See HotSpot Therapeutics, Inc. v. Nurix Therapeutics, Inc.*, 2023 WL 1768120, at *3 (N.D. Cal. Feb. 3, 2023) (citing *Synchronos Techs., Inc. v. Dropbox Inc.*, No. 16-cv-0119-HSG, 2020 WL 759528, at *5 (N.D. Cal. Feb. 14, 2020)). The Court, here, sees no reason to depart from its conclusion that the sensitive nature of Exhibit B satisfies the "compelling reasons" standard.

Accordingly, ClickUp's Applications to Seal (ECF Nos. 35, 44) and Nifty's Application to Seal (ECF No. 40) are **GRANTED** as to the highlighted portions contained in:

1. ClickUp's Motion to Dismiss (ECF No. 36): 6 n.6, 8:3, 8:9–10, 8:19–21, 8:27–28, 9:23–26, 10:8–9, 10:11–12, 12:19–21, 13:21–25;
2. Nifty's Opposition to ClickUp's Motion to Dismiss (ECF No. 41): 7:8–11, 7:12–15, 8:12–22, 16:4–5; and
3. ClickUp's Reply (ECF No. 45): 5:9, 5:14–15.

The Clerk of Court **SHALL FILE** the lodged unredacted copies of ClickUp's Motion to Dismiss (ECF No. 36), Nifty's Opposition to ClickUp's Motion to Dismiss (ECF No. 41), and ClickUp's Reply (ECF No. 45) under seal.

**IT IS SO ORDERED.**

Dated: March 19, 2025

Hon. Janis L. Sammartino
United States District Judge